*REMAND/JS-6*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-405-GW(SSx) | Date | February 1, 2016 |
|---|---|---|---|
| Title | *French Fund LLC v. Purita Belda, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:       Attorneys Present for Defendants:

None Present                                       None Present

**PROCEEDINGS (IN CHAMBERS):       ORDER REMANDING ACTION TO STATE COURT**

  On January 19, 2016, defendant Purita Belda removed to this Court this unlawful detainer action filed by plaintiff French Fund LLC ("Plaintiff") against her and Jennifer Belda in Los Angeles County Superior Court. On January 27, 2016, Plaintiff filed an *Ex Parte* Application for Order to Remand Unlawful Detainer to State Court. *See* Docket No. 5. Belda has not responded. Irrespective of Plaintiff's *ex parte* filing, this Court is obligated to consider its subject matter jurisdiction in every case before it. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). That jurisdiction is lacking here.

  Although Belda asserted in her removal papers that this Court has federal question jurisdiction over this action, *see* Notice of Removal ¶ 7, she is incorrect. She believes that such jurisdiction exists here because the unlawful detainer action is based upon a notice referencing the "Protecting Tenants at Foreclosure Act of 2009," 12 U.S.C. § 5201, and that this statute is therefore "drawn in controversy" because it allows for a 90-day notice period before filing an eviction proceeding – a period Belda asserts was not allowed to lapse here. *See* Notice of Removal ¶ 7. She also asserts that any relief Plaintiff obtains will be in violation of her rights, privileges and immunities under the United States Constitution. *See id.* Those issues are, at best, Belda's defenses or counterclaims based in federal law, which are insufficient to give rise to federal question jurisdiction. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392-93 (1987); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985). Federal issues must be present on the face of the Complaint in order to give rise to federal question jurisdiction. *See Caterpillar*, 482 U.S. at 392. Plaintiff's unlawful detainer action is plainly based on the simplified unlawful detainer process provided for by California legislation. *See, e.g.*, *Colfin AI-CA LLC v. Williams*, No. EDCV 14-0194 JGB (JEMx), 2014 U.S. Dist. LEXIS 18633, *2-5 (C.D. Cal. Feb. 13, 2014). The Complaint itself raises no federal issues or questions.

  Given the undeniable absence of federal question jurisdiction, and the absence of any assertion of

                                :

Initials of Preparer   JG

*REMAND/JS-6*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-405-GW(SSx) | Date | February 1, 2016 |
|---|---|---|---|
| Title | *French Fund LLC v. Purita Belda, et al.* | | |

any other basis for federal jurisdiction, the Court summarily remands the matter to Los Angeles County Superior Court and vacates the upcoming March 3, 2016, Scheduling Conference. *Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations).

:

Initials of Preparer   JG